NOONAN, Circuit Judge,
concurring:
There is no doubt that the district court articulated the wrong standard as to the possibility of harm that the plaintiffs must show. Earth Island v. United States Forest Service, 351 F.3d 1291, 1298 (9th Cir.2003) (Earth Island I). There is also no doubt in my mind that the financial interest of the Forest Service requires further investigation and evaluation. See id. at 1309 (Noonan, J., concurring). That the parties have not pursued this problem does not give the Forest Service a pass. If it is indeed a biased adjudicator, its determination is a nullity. Tumey v. Ohio, 273 U.S. 510, 522, 47 S.Ct. 437, 71 L.Ed. 749 (1927).
It is not too difficult for a court of appeals to discern the correct legal standard for an injunction and to see the problem created by a financial interest on the part of the adjudicator. It is more difficult for this court to master the massive record in an environmental case and to be confident in its discrimination between expert opinions. Recognizing the mastery of the available data that distinguishes the majority opinion, I cannot say that I am sure as to Earth Island’s probable success. I would remand to the district judge (1) to obtain information as to the importance of the sales to the Forest Service’s operation; (2) to apply the correct legal standard; and (3) to make its own estimate of the probability of Earth Island’s success on the merits.